

**ORDERED in the Southern District of Florida on January 13, 2011.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

In re:

RENE PIEDRA AND ASSOCIATES, P.A.,

    Debtor.

Case Nos. 08-17533-BKC-LMI

Chapter 7

_____/

BARRY E. MUKAMAL, Chapter 7 Trustee

    Plaintiff,

v.

| | |
|---|---|
| CHURCH OF SCIENTOLOGY OF FLORIDA, INC., | Adv. No. 09-02506-LMI |
| WORLD INSTITUTE OF SCIENTOLOGY ENTERPRISES, INC., | Adv. No. 09-02507-LMI |
| CITIZENS COMMISSION ON HUMAN RIGHTS INTERNATIONAL, | Adv. No. 09-02509-LMI |

| | |
|---|---|
| MISLAV RAOS, AS TRUSTEE OF THE US IAS MEMBERS TRUST[1], | Adv. No. 09-02510-LMI |
| WILLIAM ALEXANDER CARR, | Adv. No. 10-01011-LMI |
| WENDY L. KEENE, | Adv. No. 10-01013-LMI |
| IAS ADMINISTRATIONS, INC., | Adv. No. 10-01015-LMI |
| CHURCH OF SCIENTOLGY RELIGIOUS TRUST, | Adv. No. 10-01016-LMI |
| CHURCH OF SCIENTOLOGY OF KANSAS CITY, | Adv. No. 10-03108-LMI |
| CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC. | Adv. No. 10-03109-LMI |

      Defendants.

_____/

**ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE AND THE CHURCH OF SCIENTOLOGY OF FLORIDA, INC., WORLD INSTITUTE OF SCIENTOLOGY ENTERPRISES, INC., CITIZENS COMMISSION ON HUMAN RIGHTS INTERNATIONAL, MISLAV RAOS, AS TRUSTEE OF THE US IAS MEMBERS TRUST, WILLIAM ALEXANDER CARR, WENDY L. KEENE, IAS ADMINISTRATIONS, INC., CHURCH OF SCIENTOLOGY RELIGIOUS TRUST, CHURCH OF SCIENTOLOGY KANSAS CITY, AND CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION AND REQUEST FOR BAR ORDER**

      **THIS MATTER** came before the Court for hearing on January 10, 2011, upon the *Trustee's Motion to Approve Compromise and Settlement With Church of Scientology of Florida, Inc., World Institute of Scientology Enterprises, Inc., Citizens Commission on Human Rights International., Mislav Raos, as Trustee of the US IAS Members Trust, William Alexander Carr, Wendy L. Keene, IAS Administrations, Inc., Church of Scientology Religious Trust, Church of Scientology Kansas City, and Church of*

---

[1] As here reflected, the Trustee of the US IAS Members' Trust has since been changed from Deborah Fraser to Mislav Raos.

*Scientology Flag Service Organization, Inc.* (together with the corresponding trustee and beneficiaries of the US IAS Members Trust and the Church of Scientology Religious Trust, collectively the "CAS Defendants") and for Entry of Bar Order [D.E. # 272] (the "Motion") filed by the Trustee on November 2, 2010. The Court has reviewed the Motion and considered the entire record in this case and the attached Settlement Agreement. The Court, after reviewing the Motion and finding that no party in interest has opposed the approval of the settlement, and that good and sufficient cause exists to approve same and that the Settlement Agreement, including the Bar Order, is fair, reasonable, and beneficial to the estate, it is hereby

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The terms of the Settlement Agreement attached to the Motion as Exhibit "A" are approved and incorporated herein in their entirety, as if fully set forth herein.

3. For the reasons stated, which are incorporated herein by reference, the bar order request is granted and the instant Order shall act as an injunction against any person or entity seeking any type of claim or recovery from the CAS Defendants and Church of Scientology International or their property that has any connection with or involvement in commercial, financial, or business transactions, acts, occurrences, or events in any way related to Rene Piedra (the individual), the Trustee, the Debtor, or the Debtor's bankruptcy case (the "Bar Order") including enjoining:

> (a) against the filing, commencing, conducting, or continuing in any manner, directly, indirectly, or derivatively, any suit, action, or other proceeding (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) by any person or entity against or affecting the CAS Defendants and Church of Scientology International with respect to any of their property or any direct or indirect transferee of any property of, or direct or

indirect successor in interest to, any of the foregoing, or any property of any such transferee or successor relating to the Debtor's bankruptcy case;

    (b)    against any actions by any shareholders, investors, managers, employees, creditors, or affiliates of the Debtor (including, without limitation, those parties who filed claims against the Debtor's bankruptcy estate, made an appearance in the Bankruptcy Case, or who were identified as creditors in the Debtor's schedules) and their successors and assigns, against the CAS Defendants and Church of Scientology International;

    (c)    against any actions seeking contribution or indemnification from the CAS Defendants and Church of Scientology International;

    (d)    against enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any means or in any manner, whether directly, indirectly, or derivatively, any judgment, award, decree, or other Order against the CAS Defendants and Church of Scientology International with respect to any of their property or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing, or any property of any such transferee or successor;

    (e)    setting off, seeking reimbursement or contribution from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to the CAS Defendants and Church of Scientology International, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing; or

    (f)    proceeding in any manner and any place with regard to liquidating any claim in any forum other than the Court.

4.    This Order shall be binding on the Trustee, the CAS Defendants, their respective successors and assigns, as well as on all persons and entities that got actual notice of the Trustee's Motion, and all creditors and parties in interest in the Piedra (individual) and Rene Piedra and Associates, P.A. bankruptcy estates.

5.    The Trustee and the CAS Defendants are authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of the Settlement Agreement.

6.    The Court further finds and determines that the transfers and claims at issue are exclusively claims of this estate.

4

7.   The Releases, Bar Order, and covenants not to sue as set forth in the Settlement Agreement are hereby effective in accordance with the provisions thereof.

8.   Based upon its review of the Certificate of Service [D.E. 274, 275, 279, 283] concerning the Motion and the representations of the Trustee's counsel that the notice afforded all third parties who may have claims against the CAS Defendants and Church of Scientology International or their property that has any connection or involvement in commercial, financial, or business transactions, acts, occurrences, or events in any way related to Rene Piedra (the individual), the Trustee, the Debtor, or the Debtor's bankruptcy case, such service:

  (a)   constituted the best practicable notice;

  (b)   constituted notice that was reasonably calculated under the circumstances to apprise all such third parties of the proposed Settlement Agreement and Bar Order and their right to attend the hearing on the Motion and object to the entry of this Order;

  (c)   constituted due, proper, adequate, and sufficient notice to all third parties;

  (d)   satisfies all requirements of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure; and

  (e)   satisfies all requirements of due process.

9.   All persons or third parties who were served with the Motion and failed to object have waived their right to object to the Court's entry of this Order and the Bar Order.

10.   The Trustee is hereby directed to file a copy of the Bar Order in Piedra (individually), based on the service of the Motion on said parties and creditors.

11. The Court reserves jurisdiction regarding the interpretation, effectuation, and enforcement of the terms of the Settlement Agreement and this Order.

### 

<u>Submitted by:</u>
Frank P. Terzo, Esq.
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Telephone:    (305) 416-6880
Facsimile:    (305) 416-6887

*(Attorney Terzo is directed to serve a conformed copy of this order upon all interested parties and file a Certificate of Service with this Court.)*

\351000\5 - # 399874 v1